LANGLEY v. GODWIN.   (No. 711–4276.)

(Commission of Appeals of Texas, Section A. Oct. 28, 1925.)

**Partnership ⟨⟩242(5)—Evidence held to show that each of two copartners paid one-half of partnership obligation.**

Evidence that, in order to pay a partnership debt of $3,042.10 owing by two copartners, L. and C., C. conveyed his equity in a homestead to the creditor which, plus $610.78, equaled the value of the obligation, and that L. drew a check for $610.78 in favor of C., who indorsed and delivered it to the debtor, and that L. then delivered his personal note to C. for $910.27, which was paid, *held* to show that each partner paid one-half of the partnership obligation.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by W. G. Langley against Joe S. Godwin. Court of Civil Appeals affirmed (264 S. W. 323) judgment of trial court adverse to plaintiff, and he brings error. Judgment of Court of Civil Appeals reversed, and judgment of District Court reformed, and, as so reformed, affirmed.

Locke & Locke, of Dallas, for plaintiff in error.

R. E. Rouer and Gillis Johnson, both of Fort Worth, for defendant in error.

BISHOP, J. The writ of error in this case was granted on an application in which plaintiff in error, W. G. Langley, claims that the part of the judgment of the district court denying him a recovery against defendant in error, Joe S. Godwin, is erroneous; there being other parts of the judgment not involved in this appeal. The claim is based on the allegation that Godwin had breached an agreement to pay an indebtedness which Langley owed amounting to $1,521.05, and which Langley paid, and for which he sought recovery.

W. G. Langley and H. A. Chamness were partners engaged in the automobile business in the city of Fort Worth, Tex. On December 8, 1920, Langley sold and transferred his one-half interest in said business to Joe S. Godwin. As part of the consideration for said sale, it was agreed that Godwin and Chamness should pay off and satisfy three certain promissory notes which were past due, and which Langley and Chamness as partners owed to Mrs. W. J. Rogers, in the total sum of $2,700. Godwin refused to pay this indebtedness, and Chamness and Langley agreed that they would each pay one-half thereof, which they did on October 13, 1921. The only manner in which Chamness could secure any money to comply with his agreement to pay one-half of the indebtedness was to sell his homestead, and it was agreed by Mrs. Rogers' attorney to accept the deed to his client from Chamness to the homestead in part payment of the indebtedness, which, with interest at that time, amounted to $3,042.10. It was agreed that the value of Chamness' equity in his homestead, plus $610.78, was equal in value to the indebtedness, and same was paid by Chamness executing a deed to his homestead, by Langley drawing his check in favor of Chamness for $610.78, which was by Chamness immediately indorsed and delivered to said attorney for Mrs. Rogers, and by Langley executing and delivering to Chamness his note for $910.27, which was subsequently paid. This was the method employed by Chamness and Langley in complying with their agreement that each would pay one-half of the indebtedness.

In the findings of fact, the trial court found that Chamness paid the indebtedness in full, and that Langley did not pay off this indebtedness, or any part thereof, and that for this reason Langley was not entitled to recover from Godwin. The Court of Civil Appeals affirmed the judgment of the trial court, holding that there was evidence supporting this finding. 264 S. W. 323.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We cannot agree with this holding. The evidence is uncontradicted and shows the facts above recited. In order to effect a settlement of one-half of the indebtedness, Langley drew his check for $610.78, which it was intended should be, and which was, applied to the payment of this debt, and also executed his note for $910.27 to Chamness, which he subsequently paid. By this method Langley paid one-half, and Chamness one-half, of the debt. It is true other methods could have been used to have effected the same result. Chamness had only his equity in his homestead with which to pay one-half of the indebtedness. He might have conveyed his homestead to Langley under an agreement that Langley execute to him the note for $910.27, and convey the homestead to Mrs. Rogers, paying her $610.78. This would have settled the indebtedness, and each' would have paid one-half of same. Or he might have conveyed it to some person not interested in the settlement, for the same agreed consideration, and paid his one-half in cash, loaning to Langley $910.27 with which to pay the balance.

The evidence that Chamness executed the deed and that the check was drawn in his favor, in connection with the other evidence in this case, does not raise an issue of fact tending to show either that Chamness paid the debt in full or that Langley paid no part of same. Langley paid one-half the debt and was entitled to his judgment.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the district court be so reformed as to award the plaintiff in error, Langley, recovery against defendant in error, Joe S. Godwin, for the sum of $1,521.05 with legal interest from the date of the judgment, and that, as reformed, the judgment of the district court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the district court reformed, and affirmed, as recommended by the Commission of Appeals.