GEORGE W. McMAHAN v. J. F. RICE.

SAME v. ANN E. SMITH.

It is unnecessary, in this case, to inquire, what are the rights of a purchaser at a sale by an administrator, acting under a grant of administration by a Court not having jurisdiction over the particular estate, but having a general jurisdiction to grant letters of administration.

It is clear, beyond question, that a sale under a grant of administration, obtained fraudulently and contrary to law, can confer no rights upon the purchaser with notice of the fraud, as against the heirs, or others interested in the estate, who are thereby defrauded.

Though a fraudulent intent is not expressly averred, it is a necessary consequence of the facts alleged. And this Court has heretofore decided, that where the facts alleged constitute a fraud, it is not essential expressly to charge that they were done with a fraudulent intent.

Repeated decisions of this Court have settled, that the correctness of the rulings of the Court, upon instructions to the jury, will not be revised, in the absence of a statement of facts.

Error from Harris. Tried before the Hon. Peter W. Gray.

Suit by J. F. Rice against Ryan, Herndon and McMahan, commenced in Fort Bend, and removed, by change of venue, the Judge of the first district having been of counsel, to Harris. The petition alleged that Sandford Rice was one of the Mier men ; that, at his death, the plaintiff was his only son and heir, and entitled as such to certificate of Public Debt, No. 823, Second Class, issued, &c. for $605, and that he had been deprived of said certificate and the money for which it calls, by the illegal and wrongful acts of the said defendants, in this that many years preceding the year 1842, and preceding the time Sandford Rice joined the army in that year, he was a resident citizen of Harris county, domiciliated in said county, and had no other residence in the State of Texas ; that his principal estate is and always has been in Harris county, consisting, &c.; that he has no lands or effects in Fort Bend county, nor

was he ever a citizen of said county; that no administration was ever taken out in the county of Harris; that no debts existed against his estate; that when he left the county of Harris in the year 1842, to join the army, he left his effects and estate in the hands of an agent, which agent has paid the taxes on said estate up to this time; yet, notwithstanding the said Sandford died leaving his estate unincumbered by debt, and the whole of it descended directly to petitioner, as heir, the said William Ryan, upon a petition filed by him in the County Court of Fort Bend county, procured himself to be appointed administrator of the estate of Sandford Rice, by the said Court, at the July Term, 1850, which Court had no jurisdiction over said estate; that on or about the 7th day of October, 1851, the said Ryan sold the said certificate of Public Debt, No. 823, Second Class, as pretended administrator, to one John H. Herndon, who had notice of the rights of this petitioner and the want of authority in the said Ryan to sell the same; that on or about the 29th day of November, 1851, said Herndon sold said certificate as aforesaid to George W. McMahan, who had notice of the rights of this petitioner, and the want of authority of said Ryan and Herndon, or the County Court of Fort Bend county, to take jurisdiction over the estate of Sandford Rice, deceased; that George W. McMahan, on or about the 13th of March, 1852, drew from the State Treasury the sum of six hundred and five dollars upon said certificate, without any authority of this petitioner or any authority of law; that by the illegal, wrongful and unauthorized intermeddling with the estate of Sandford Rice, and the said certificate, by the said Ryan, Herndon and McMahan, petitioner has been deprived of six hundred and five dollars; that they have converted the same to their own use, to petitioner's damage one thousand dollars, &c. Allegation that plaintiff is about twenty-one years of age.

The defendants answered separately, by general demurrer and general denial, and jointly by plea of the Statute of Limitations.

Herndon's demurrer sustained ; verdict and judgment for the plaintiff, against the other defendants, for an amount equal to one half the amount of the certificate and interest. No statement of facts nor bill of exceptions ; but from the charge of the Court, which is not essential to this report, it would appear that it was proved that Sandford Rice left a widow, who is still living. Error by McMahan.

Suit by Ann E. Smith, and Zopher Smith, her husband, only daughter of Malcolm McCauley, against same defendants. Allegations similar in every respect, except that it was alleged that administration had been opened on the estate of said McCauley, in Harris county, and closed by full and final settlement in 1845. Answers same ; rulings same ; verdict and judgment for $783 79. No statement of facts or bill of exceptions. Error by McMahan.

*Palmer & Jordan*, for plaintiff in error, cited 1 Williams on Ex'ors, 145, 368 ; Coulter's case, Co. Rep. part 5, p. 60 ; Plowd. 282, 283 ; Hunt v. Horton, 12 Tex. R. 285.

*J. W. Henderson*, for defendants in error, suggested delay, and cited Cheek v. Collins, 1 Tex. R. 440 ; 8 Id. 174 ; Horan v. Wilbarger, 9 Id. 313 ; McCoy v. Crawford, Id. 353.

WHEELER, J. It is unnecessary, in this case, to inquire, what are the rights of a purchaser at a sale by an administrator, acting under a grant of administration by a Court not having jurisdiction over the particular estate, but having a general jurisdiction to grant letters of administration. For, whatever may be the rights of a purchaser, *bona fide*, at a sale for the payment of debts, made in the due course of administration, under a grant void for the want of jurisdiction in the particular case, it is clear, beyond question, that a sale, under a grant of administration, obtained fraudulently and contrary to law, can confer no rights upon a purchaser with notice of the

fraud, as against the heirs, or others interested in the estate, who are thereby defrauded. If the allegations of the petition are true, the letters of administration in this case were fraudulently obtained ; and the plaintiff in error had notice, and is equally affected by the fraud, with his fraudulent assignor, who procured the illegal grant of administration ; and there being no statement of facts, the presumption, in support of the judgment, is, that the proof corresponded with the averments.

The petition avers that the plaintiff's ancestor was, for many years previous to his joining the army in 1842, a citizen domiciled in the county of Harris ; that he had no other residence in the State ; that his principal estate is, and always has been, in that county, consisting of land and stock ; that he owed no debts ; that when he left that county, in 1842, to join the army, he left his effects and estate in the hands of an agent, who has paid the taxes thereon up to the present time ; that he died leaving his estate unincumbered by debt, whereupon it descended to the plaintiff as his sole heir ; yet that the defendant Ryan procured himself to be appointed administrator of the estate by the Probate Court of Fort Bend county, which Court had no jurisdiction of the estate ; that he sold the certificate in question to Herndon, who had notice of the rights of the plaintiff and the want of authority in Ryan ; and then Herndon sold to the defendant McMahan, who purchased with like notice ; and drew the money thereupon from the State treasury.

There can be no question that these facts disclose a case of wrongful and fraudulent conduct on the part of the defendant Ryan, in procuring the letters of administration to be issued ; and that it was a fraud upon the plaintiff, for the defendants to purchase and take from Ryan the plaintiff's property, with notice of the rights of the latter, and the want of authority in the former. The petition, it is true, does not expressly charge fraud ; but it states facts which are quite inconsistent with an honest intention, and from which none other than an intention

McMahan v. Rice.

to defraud can rationally be inferred; and it charges an illegal, wrongful and unauthorized intermeddling with the estate, on the part of the defendants, to the plaintiff's injury. Though a fraudulent intent is not expressly averred, it is a necessary consequence of the facts alleged. And this Court has heretofore decided, that where the facts alleged constitute a fraud, it is not essential expressly to charge that they were done with a fraudulent intent. If it be a necessary consequence of the facts, the Court will deduce the legitimate conclusion from them, though it be not drawn by the pleader. (Carter v. Carter, 5 Tex. R. 93.) That the acts with which the defendants are charged must be regarded as fraudulent, and as necessarily operating to defraud the plaintiff of his rights, cannot admit of a question.

It is said in argument that there was no evidence of collusion or of notice to the plaintiff in error of his co-defendant Ryan's want of authority. This may be true in point of fact; but as the evidence is not before us, and the fact of notice is expressly alleged, we must presume in support of the judgment, that it was proved.

Supposing, as, in the absence of the evidence, we must, that it corresponded with the plaintiff's averments, it is not perceived that there is any error in the charge of the Court. But it is unnecessary to consider that question. Repeated decisions of this Court have settled, that the correctness of the rulings of the Court, upon instructions to the jury, will not be revised, in the absence of a statement of facts. (Armstrong v. Lipscomb, 11 Tex. R. 649.) We are of the opinion that there is no error in the judgment, and it is affirmed.

This Opinion disposes also of the case of McMahan v. Smith et al., which is a stronger case for the plaintiff; there having been an administration of the estate in Harris county, closed, before letters were procured by Ryan in the county of Fort Bend. The judgment in that case is also affirmed.

Judgments affirmed.