J. J. Jackson v. W. T. Murray et al.

No. 6625.

1. **Contribution Among Sureties.**—One or more of several sureties may pay a note of an insolvent principal and maintain an action against the other surety or sureties for contribution.

2. **Same—Practice.**—Suit by two of three sureties of an insolvent principal, hav-

ing paid the note, against the third surety and the principal. The defendant surety not asking any relief it was not error to render judgment for plaintiffs against the principal for the entire amount and against the defendant for one-third, nor was it error to allow plaintiffs to remit the judgment against the principal.

ERROR from Coleman. Tried below before Hon. J. C. Randolph.

This suit was brought by W. F. Murray and J. F. Taylor against C. C. Fountain and J. J. Jackson. The petition shows that plaintiffs and J. J. Jackson were sureties on two promisory notes for C. C. Fountain, the principal; that plaintiffs paid off and discharged the notes after their maturity. It was stipulated in the notes that 10 per cent additional as attorney fees should be paid in case suit was brought to collect the same— that is, 10 per cent on the amount due on the notes at the time of suit. Plaintiffs prayed for judgment against Jackson for one-third of the debt and attorney fees as his part of the debt paid by them, and for themselves and for the benefit of Jackson, their cosurety, for the full amount of the debt. It was alleged that C. C. Fountain was insolvent.

Defendant Jackson demurred, and excepted specially to the petition "for the reason that it appeared from the same that J. J. Jackson was only a surety on the notes, and that they had been fully paid and discharged, and he was therefore no longer liable on the same," and because plaintiffs sought to recover of the defendant Fountain the full amount of the notes and against Jackson one-third of the same, and that their seeking to recover the full amount of Fountain operated a release of Jackson.

The court overruled the general demurrer and exceptions, and appellant assigns the ruling as error.

The court rendered judgment for plaintiffs against Fountain for the full amount of the debt sued for. Appellant Jackson contends that the judgment should have been rendered as prayed for—in his favor as against Fountain as well as in favor of plaintiffs.

The court rendered judgment against defendant Jackson for one-third of. the debt as prayed for.

Appellant's sixth assignment of error is that "the court erred in over-ruling his motion for a new trial, and in arrest of judgment."

Upon application of plaintiffs the court entered a remittitur for the whole judgment as rendered against Fountain, allowing the judgment to stand as rendered against defendant Jackson.

Jackson appealed.

*H. C. Randolph,* for appellant. — 1. Where two or more persons sign a note as sureties and one or more of the sureties pay off and discharge the note after maturity, their remedy against the other cosurety is an action against him upon an implied assumpsit for contribution, and an action upon the original note or contract will not lie. Holliman v. Rogers, 6 Texas, 91; Garlock v. Geortner, Wend., 198; 1 Pars. on Con., sec. 32.

2. The seeking to recover the full amount due on said notes by plaintiffs against the defendant C. C. Fountain waived any right of action against the cosurety Jackson, and the first amended original petition showed no cause of action against Jackson for this reason.

3. The court by its action in giving judgment in favor of plaintiffs alone against the defendant C. C. Fountain for the full sum due on said notes, principal and interest, deprived the defendant Jackson of his remedy against the principal C. C. Fountain on said notes; and the plaintiffs accepting said judgment waived any right of recovery against the defendant Jackson for contribution, and will be held to have accepted the judgment against C. C. Fountain in full satisfaction of any claim against the defendant Jackson.

4. The plaintiffs having recovered judgment against the defendant C. C. Fountain for the full amount of the two notes with interest and costs in their own favor and for their own use and benefit, the defendant J. J. Jackson on the payment of one-third the actual sum paid by plaintiffs to Coggins, Ford & Martin, with legal interest from the date of payment by them, would be entitled to have one-third the judgment against Fountain assigned to him, and when the plaintiffs remitted the whole of the judgment against Fountain they deprived Jackson of any remedy he had against the defendant C. C. Fountain should he pay his contributory part of said judgment to plaintiffs, and for this wrong done the defendant Jackson by plaintiffs he is entitled to have the judgment against him set off against his interest in the judgment against Fountain.

5. A party who has a controlling interest in a judgment can not dispose of the judgment to the prejudice of one holding a contingent interest in same; and while the judgment was in favor of the plaintiffs, the defendant J. J. Jackson had a contingent interest in same, and the plaintiffs held Jackson's interest in said judgment in trust, and could not remit the judgment without becoming liable to said Jackson for his interest.

No brief for appellees.

COLLARD, JUDGE.—The ground upon which a surety is entitled to contribution is that he has paid the debt for which he and his cosurety were bound. He could not maintain the suit for contribution on the original contract. Holliman v. Rogers, 6 Texas, 91.

If the debt be just and can be enforced against the sureties, one of them may pay the same and claim contribution. He need not wait until he is compelled to pay by suit. Glasscock v. Hamilton, 62 Texas, 143.

The petition charges that plaintiffs paid the notes in which Fountain was principal and they and defendant Jackson were cosureties, and they asked judgment against Jackson for one-third of the debt so paid by them. Defendant, the appellant, excepted to the suit because he says he

was discharged by the *payment* of the notes. The court overruled the exceptions and in so doing committed no error. The petition made C. C. Fountain, the principal debtor, a party defendant and asked for judgment against him for the whole amount of the debt for the benefit of plaintiff and their cosurety Jackson, and against Jackson for one-third of the debt paid by them.

The judgment was rendered for plaintiffs against Fountain for the whole debt and against Jackson for one-third of same paid by them. Jackson complains that the judgment was not responsive to plaintiffs' prayer, in that it was not rendered in his favor as against Fountain as well as for plaintiffs. We do not think he can complain, as he did not ask for any judgment over against Fountain for the amount he might be adjudged to pay, and did not join in plaintiffs' prayer in that respect; besides, he had paid no part of the debt or judgment. He will be entitled to recover from Fountain any amount he may pay plaintiffs on their judgment against him after he makes such payment.

After plaintiffs' judgment they had the court to enter a remittitur of the whole of their judgment against the defendant Fountain, allowing the judgment against Jackson to stand as rendered. Jackson complains of this proceeding, because he says it deprived him of his right in the judgment against Fountain of his right to recover against him, and had the effect to discharge him. As before stated he had no right to complain; he had no interest in the judgment obtained against Fountain; he had paid no part of the debt or the judgment against him; his right to recover of Fountain would arise at the time he might pay the judgment.

We find no error in the judgment, and are of opinion it ought to be affirmed.

*Affirmed.*

Adopted June 17, 1890.