## RED OAK ELECTRIC GIN CO. v. WAXA-HACHIE NAT. BANK OF WAXA-HACHIE.   (No. 6910.)

(Court of Civil Appeals of Texas. Austin. Nov. 20, 1925.)

**I. Frauds, statute of ⟨key⟩28—Statute held inapplicable to contemporaneous oral agreement, made at time of drawing trade acceptance and indorsing it to bank, that it was to be paid out of proceeds of certain cotton seed.**

Rev. St. 1911, art. 3965, subd. 2, requiring agreement to answer for debt of another to be in writing, *held* not applicable to contemporaneous oral agreement, at time of drawing trade acceptance and indorsing it to bank, that trade acceptance was to be paid from returns of certain cotton seed.

**2. Appeal and error ⟨key⟩917(1)—Where special exception, in effect only demurrer, is sustained, appellant is entitled to same presumptions as where general demurrer is sustained.**

Where special exception, in effect only a general demurrer, has been sustained, appellant is entitled to benefit of same presumptions which obtain where general demurrer is sustained, notwithstanding that other special exceptions were made and sustained.

**3. Evidence ⟨key⟩432—Failure or partial failure of consideration for execution of instrument may be shown.**

It is always competent to show failure or partial failure of consideration for execution of an instrument, notwithstanding rule that written instrument or contract, unambiguous and complete on its face, cannot be varied by parol evidence.

**4. Evidence. ⟨key⟩441(11) — Contemporaneous, oral agreement, made at time of drawing and indorsing trade acceptance, that it was to be paid from proceeds of certain cotton seed, admissible.**

Contemporaneous, oral agreement at time of drawing trade acceptance and indorsing it to bank, that payment was to be made from proceeds of certain cotton seed, *held* to be within exception to general rule that written instrument, unambiguous and complete on its face, cannot be varied by parol.

**5. Pleading ⟨key⟩354(2)—Striking out of defense of contemporaneous, oral agreement, at time of indorsing trade acceptance to bank, that it was to be paid from proceeds of certain cotton seed, held error.**

In action by bank against indorser on trade acceptance, action of trial court, in striking out defense of contemporaneous oral agreement that trade acceptance was to be paid from proceeds of certain cotton seed, *held* error; the plea being more a plea of payment pursuant to oral agreement than an effort to vary or contradict terms of instrument.

**6. Appeal and error ⟨key⟩917(1)—Where special exception, which is in effect only general demurrer to plea of fraud, was sustained, allegations will be considered as though general demurrer had been sustained.**

Where special exception, which was in effect only general demurrer to plea of fraud,

---

had been sustained, allegations will be considered as though general demurrer thereto had been sustained.

**7. Fraud ☜42—Pleading facts showing fraud sufficient without averment of intent.**

Fraud to be available as defense must be specifically pleaded, but no hard and fast rules as to how it should be pleaded can be formulated, and if facts alleged, if taken as true, show that fraud has been committed, that is sufficient, and it is not necessary to aver fraudulent intent.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Action by the Waxahachie National Bank of Waxahachie against the Red Oak Electric Gin Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded for another trial.

Tom Whipple, of Waxahachie, for appellant.

C. M. Supple, of Waxahachie, for appellee.

BAUGH, J. The Waxahachie National Bank sued appellant as indorser for a balance due on a trade acceptance drawn by the Red Oak Electric Gin Company on A. L. Watson for $3,577.15, dated September 28, 1921, payable to said gin company 30 days after date. This draft was accepted in writing by the drawee, A. L. Watson, doing business as the Watson Cotton Seed Company, the day it was drawn and on the same day indorsed to appellee bank. Said bank admitted a credit of $1,078.69 paid on November 1, 1921, alleged the insolvency of the drawee Watson, and sought to hold appellant for the balance on its indorsement. The draft, or trade acceptance, was executed in payment for 100 tons of cotton seed sold by appellant to A. L. Watson, and so stated on its face.

Appellant admitted the execution and indorsement of said trade acceptance, but pleaded as a defense substantially the following: That appellee, through its officers, induced and procured appellant to accept and indorse said trade acceptance in payment for said seed through fraud; and, second, that appellee had collected from Watson the full amount of said trade acceptance, but that, contrary to its agreement with appellant and Watson at the time it induced appellant to take such trade acceptance, said appellee bank applied only the admitted credit of $1,078.69 on same and converted the balance of said $3,577.15 by applying it to other indebtedness owed by Watson to said bank.

The case was tried to the court without a jury, and judgment rendered for plaintiff, appellee here, for the full amount sued for, from which judgment this appeal is prosecuted. No bills of exception nor statement of facts accompany the record. The assignments of error, 15 in number, complain of the action of the trial court in sustaining plaintiff's 15 special exceptions to defendant's amended original answer.

The fifth, sixth, ninth, tenth, and eleventh assignments have not been briefed by appellant, and we will not consider them. Nor do we deem it necessary to discuss in detail all of the other assignments. The result of the trial court's action in sustaining the plaintiff's 15 special exceptions was, in effect, to restrict appellant's defense to its general denial. Appellant's brief does not comply with the rules and has rendered us little assistance in arriving at a proper disposition of the appeal.

[1] The first assignment complains of the action of the trial court in sustaining appellee's first special exception to appellant's answer, which was that the agreement pleaded therein was oral and in violation of subdivision 2, art. 3965, R. S. 1911, requiring any agreement to answer for the debt, default, or miscarriage of another to be in writing. This was clearly erroneous. The statute of frauds had no application. Nowhere in its answer did the defendant seek to hold the bank for the default of Watson. On the contrary, it pleaded a contemporaneous oral agreement that the trade acceptance would be paid from receipts by Watson and the bank of money then provided for under written contract; execution and indorsement of the trade acceptance by reason thereof; payment of said trade acceptance in accordance therewith; and fraudulent conversion of such money to other indebtedness of Watson to the bank. These defenses were in addition to the plea of fraud by the bank in inducing the appellant to execute and indorse the trade acceptance.

The next question presented is that raised by the action of the trial court in sustaining special exceptions 2, 3, 4, and 5 to all those portions of appellant's answer setting up a contemporaneous oral agreement between appellee, as drawer, Watson, as acceptor, and the bank, as assignee of the trade acceptance, that when Watson sold the 100 tons of seed for which the acceptance was executed, to the Southland Cotton Oil Company, under Watson's written contract with it, which contract was known to and in possession of the bank, said bank would apply the proceeds from such sale upon the trade acceptance in question.

[2] The fourth exception is designated a special exception, but it is in effect only a general demurrer directed against this oral agreement pleaded, and having been sustained, appellant is entitled to the benefit of the same presumptions in favor of its answer which obtain where a general demur-

rer is sustained, notwithstanding the fact that other special exceptions were made and sustained. Though other grounds for striking out appellant's pleas of such collateral agreement were set up, all are effectually included in the contention that such was an attempt to vary by parol the terms of a written negotiable instrument complete on its face and indorsed by the drawer thereof to appellee bank in due course.

[3] The rule that a written instrument, or contract, unambiguous and complete on its face, cannot be varied by parol, is well settled. There are, however, well-recognized exceptions to this rule. In Waters v. Byers Bros. (Tex. Civ. App.) 233 S. W. 572, is to be found a very able and exhaustive discussion of the rule and the exceptions, with a review of numerous authorities on the subject. It is always competent to show failure or partial failure of consideration for the execution of an instrument. Though appellant did allege that the oral agreement pleaded was a material inducement to it both in drawing the trade acceptance and in indorsing it to the bank, this was on its plea of fraud rather than on partial failure of consideration, and we doubt if his pleadings were sufficient under that exception.

[4, 5] Another well-recognized exception to this general rule applies to contemporaneous parol agreements. This exception is well stated in 10 R. C. L. 1038, § 230, quoted in Waters v. Byers Bros., supra, in the following language:

"The rule that, where a written contract is made as only a part execution of an entire verbal contract, that portion not embodied in the paper may be shown by parol applies only where such portion is in itself a distinct, complete contract, not to mere stipulations in regard to and varying the terms of the written contract. What is sought to be shown as a collateral agreement must not in any way conflict with or contradict what is contained in the written contract. Extrinsic evidence is not admissible to show that a contract was partly written and partly oral, if the matter proposed to be made part of the contract by such evidence is inconsistent with the terms of the writing."

Measured by this well-recognized exception, did the parol agreement pleaded contradict or conflict with the terms of the trade acceptance, or was it inconsistent with the terms of the writing? If so, the action of the trial court was correct. If not, it was error. We have reached the conclusion that appellant's pleadings brought the alleged agreement within this exception. The alleged agreement did not purport to change the time nor the method of payment. It did not seek to relieve the acceptor, or person primarily liable, of his absolute duty to pay the instrument according to its terms. No conditions are sought to be ingrafted by parol on the writing in case Watson defaulted in its payment at maturity. It was not

alleged that, if the trade acceptance was not paid from the proceeds of the sale of the 100 tons of seed, it was not to be paid at all. We think the facts of this case clearly distinguish it from the cases of Lanius v. Shuber, 77 Tex. 27, 13 S. W. 614, Waters v. Byers Bros., supra, and Chalk v. Daggett (Tex. Com. App.) 257 S. W. 228, and the other cases cited by appellee to sustain the trial court. In passing upon the pleadings in Lanius v. Shuber, the Supreme Court expressly stated that—

"The answers, if allowed, would have had the operation of varying and destroying the force of the written contract by parol evidence. * * *"

In the case of Waters v. Byers Bros., which is perhaps more nearly in point on the case at bar than any of the others cited or that we have been able to find, the parol agreement urged sought to change both the time and the manner of payment of the notes sued upon, by showing that not only were the notes to be extended from time to time, but were to be paid solely out of the proceeds and profits from the sale of the cattle. No such limitation of liability was attempted in the instant case, according to the allegations. The allegations are that the bank took the acceptance by indorsement under the three cornered oral agreement that if certain funds, then in contemplation of the parties, were paid to it by Watson, such funds should be applied towards payment of the acceptance; that these funds were paid to the bank by Watson, but misapplied by the bank. The plea, though carelessly drawn and somewhat vague, appears more as a plea of payment pursuant to oral agreement than any effort to vary or contradict the terms of the instrument. We have concluded therefore that the trial court erred in striking it out.

We also think that the action of the trial court in striking out appellant's plea of fraud was error. Appellee, plaintiff below, addressed several special exceptions to appellee's allegations of fraud; but its fourteenth special exception was as follows:

"Fourteenth. Plaintiff specially excepts to all that portion of said second amended answer, wherein it is alleged that plaintiff fraudulently induced defendants to accept said trade acceptance sued on, and fraudulently procured the indorsement of defendants thereto, because the same states no facts or allegations sufficient in law to predicate a valid defense, of which it prays the judgment of the court."

[6] This is in effect only a general demurrer to appellant's plea of fraud, and having been sustained, other special exceptions thereto become immaterial, and such allegations will be considered as though a general demurrer thereto had been sustained.

After alleging sale of the 100 tons of seed to Watson, and that Watson had a written

contract with the Southland Cotton Oil Company, known to and held by appellee bank, in which said Cotton Oil Company agreed to purchase from Watson all his surplus seed at best oil mill prices, appellant, defendant below, alleged, among other things, the following:

"Defendants say that they made demand on said Ferris Watson and the Watson Cotton Seed Company for the payment thereof at the Waxahachie National Bank; that said bank informed defendants that it had been financing Watson, or the Watson Cotton Seed Company, but that it could not pay that amount for Watson at that time, and that said bank and its officers advised these defendants to take a trade acceptance for said amount, and then and there knowing full well, that the Southland Cotton Oil Company had paid, or would pay, to Watson and the bank the sum due on said 100 tons of seed, and then and there agreed with these defendants that it would accept from Watson the trade acceptance hereinbefore mentioned, that the bank would cash such trade acceptance on the indorsement of the defendants, and that it would collect such trade acceptance from the money due Watson, by the Southland Cotton Oil Company on said 100 tons of seed, according to the agreement made and entered into in writing by and between Southland Cotton Oil Company and the said Watson doing business as the Watson Cotton Seed Company.

"Defendants say that at the time said bank induced these defendants to accept said trade acceptance, the plaintiff bank well knew that Watson was insolvent, and that the only method by which the defendant could collect his debt was by suit and levy, if the Southland Cotton Oil Company had not already deposited the proceeds of said 100 tons of seed in plaintiff's bank, unless which said sum was so paid in.

"Defendants say, and charge, that the Waxahachie National Bank of Waxahachie, Tex., well knowing that the defendants could collect the amount due on the 100 tons of seed, by reason of the agreement theretofore made between Ferris Watson and the Southland Cotton Oil Company, which has been confirmed by the Waxahachie National Bank, fraudulently promised and induced the defendants to accept and indorse the trade acceptance hereinbefore set out, for the purpose of collecting for itself the amount due by the Southland Cotton Oil Company, so it could apply a portion thereof to Watson's individual indebtedness to it, and undertake to hold this defendant as an indorser thereof.

"Wherefore defendants say that plaintiff should not be permitted to recover at all on said acceptance, because the same was fraudulently obtained, and therefore these defendants, as to said trade acceptance, should be held not liable."

[7] It is well settled that, to be available as a defense, fraud must be specifically pleaded, but no hard and fast rules as to how it should be pleaded can be formulated. If the facts alleged, if taken as true, show that a fraud has been committed, that is sufficient; the essential elements being that one party must have been misled or induced to act to his injury by the concealment or misrepresentation by the other concerning some material fact. And if the facts alleged constitute a fraud, it is not necessary to aver that they were done with fraudulent intent. McMahon v. Rice, 16 Tex. 335. See, also, Words and Phrases, and 27 C. J. p. 30 et seq.

It is obvious that defendant's allegations of fraud could have been made clearer and more explicit, but the pleadings quoted, taken in connection with rest of its answer, were sufficient, we think, to apprise plaintiff of the defense of fraud and sufficient as against a general demurrer. It was error therefore for the trial court to strike out same.

Though not discussed in detail, what we have said disposes of all the issues raised by appellant. For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.