EXUM v. MAYFIELD et al. (No. 2784.)

Court of Civil Appeals of Texas. Amarillo.
June 15, 1927.

Rehearing Denied Aug. 31, 1927.

1. Bills and notes ⬥═►338 — Payee cannot be holder in due course.

The payee, as an immediate party to instrument, cannot be a holder in due course.

2. Evidence ⬥═►441 (11)—Where note was given payee for special purpose and payee was to pay part, agreement to that effect held admissible in action by payee (Negotiable Instruments Act [Rev. St. 1925, art. 5932, § 16]).

Under Negotiable Instruments Act (Rev. St. 1925, art. 5932, § 16), where a note was executed and delivered to the payee for negotiation to a bank for the special purpose of securing money to pay an attorney's fee and it was agreed that the payee should pay part of the note, the agreement to this effect was admissible in an action by the payee.

3. Bills and notes ⬥═►120—Payee receiving note for negotiation to bank and agreeing to pay part held co-obligor with makers.

Where a payee received a note for negotiation to a bank for a special purpose and agreed to pay part of the note, held, that he was co-obligor with the makers.

4. Bills and notes ⬥═►439—Co-obligor, paying note, extinguishes it.

A co-obligor, who pays a note, thereby extinguishes it and he cannot thereafter maintain a suit on such note, but must sue for contribution on the implied promise raised by law for reimbursement.

Appeal from District Court, Wheeler County; A. C. Wood, Judge.

Suit by Frank Exum against W. G. Mayfield and others. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 286 S. W. 481.

Hoover, Hoover & Willis, of Canadian, and J. B. Clark, of Shamrock, for appellant.

Reynolds, Hill & Engledow, of Shamrock, for appellees.

JACKSON, J. This suit was instituted in the county court of Wheeler county, Tex., by the appellant, Frank Exum, against W. G. Mayfield, D. L. Bowers, F. E. Stevens, G. W. Burrows, Roger O'Gorman, A. F. Wischkemper, and Edgar Wischkemper, appellees, to recover an unpaid balance of $606.41, on a promissory note originally for the sum of $1,000, alleged to have been made, executed, and delivered by appellees to appellant.

The appellees answered by general denial and alleged as a special defense to the plaintiff's right to recover on the note that, at the time the note was executed, appellant and appellees were interested in the prosecution of Tim Sammons, charged by indictment with the murder of Carl Brooks, the brother-in-law of appellant; that appellant and appellees thought it advisable to employ Judge Reeder, who demanded a cash fee of $1,000 to assist in the prosecution of the said Sammons; that in order to raise said money, appellant and appellees agreed that the appellees would execute their note to appellant for the sum of $1,000, and that appellant would indorse said

note and negotiate it to the First National Bank of Shamrock, Tex., for the $1,000 with which to pay Judge Reeder his fee, and at and prior to the time of the execution of the note, it was agreed and understood between appellant and appellees that appellant would be jointly liable with appellees for the payment of the note, as a joint maker, and each should pay his pro rata portion thereof, by reason of which agreement the appellant and appellees became joint obligors on the note; that the note was not delivered to appellant for the purpose of transferring the property in the note to him, but to enable him and appellees to obtain the sum of $1,000, by negotiating it to the bank, which was to be used in paying said attorney's fee, upon the condition and with the understanding that the appellees were not liable to appellant on said note, but that they were all joint obligors thereon; that the appellant in pursuance of such agreement indorsed the note and negotiated it to the First National Bank of Shamrock for the sum of $1,000, which he paid to Judge Reeder for the prosecution of said Sammons; that no consideration whatever passed from appellant to appellees for the note, and it was not contemplated and intended that the appellees should become liable to appellant on the note; that they are not now and have never been indebted to plaintiff on the note sued on.

Appellant replied to appellees' answer by special exceptions, to the effect that the answer disclosed an attempt to vary the terms of a written instrument by parole agreement and by general denial.

In response to the only issue submitted by the court, the jury found in effect that the appellant agreed at the time of the execution of the note sued on that he would pay the bank his pro rata part of the note. On this finding the court entered judgment that appellant take nothing by his suit, from which judgment this appeal is prosecuted.

On a former appeal of this case, reported in (Tex. Civ. App.) 286 S. W. 481, the judgment was reversed and the cause remanded. Thereafter, in the trial court, appellees amended their answer and present a defense not relied on in the former appeal.

Appellant in the last trial did not request the submission of any additional issues, and does not question the sufficiency of the testimony to sustain the finding of the jury that appellant did agree, at the time of the execution and delivery of the note, that he would pay his proportional part thereof, but he contends that the court committed error in overruling his special exceptions to the allegations in appellees' answer, and in admitting the testimony over his objections in support thereof, because it varied the terms of a written contract and violated the parole evidence rule.

[1, 2] Appellant was the payee in the note and could not be a holder in due course. Foster v. Security Bank & Trust Company (Tex. Com. App.) 288 S. W. 438. The agreement between appellant and appellees that the note was executed and delivered to him for negotiation to the bank, for the special purpose of securing the money with which to pay the attorney's fee to Judge Reeder, and that he should pay his part of the note, although he was payee therein, was admissible. Section 16, art. 5932, R. C. S. 1925, Negotiable Instruments Act: Red Oak Electric Gin Co. v. Waxahachie National Bank (Tex. Civ. App.) 279 S. W. 884; Clevenger v. Commercial Guaranty State Bank (Tex. Civ. App.) 183 S. W. 65; Reeves v. Anderson (Tex. Civ. App.) 217 S. W. 745; Watson v. Rice (Tex. Civ. App.) 166 S. W. 106; Clayton v. Western National Wall Paper Co. (Tex. Civ. App.) 146 S. W. 695.

[3, 4] Under the finding of the jury, appellant was a co-obligor with appellees on the note. The testimony is sufficient to warrant a finding by the court that the note was negotiated and sold to the First National Bank of Shamrock by appellant, who later paid his pro rata part thereof; that some of the other defendants paid what was considered their pro rata part on the note, and others failed to make any payments and appellant paid the balance of the note to the bank, which delivered it to him. He based his cause of action on the note and not for contribution, and it is apparently settled in this state that a co-obligor, who pays a note, thereby extinguishes it and he cannot thereafter maintain a suit on such note, but must sue for contribution on the implied promise raised by law for reimbursement. Faires v. Cockrell, 88 Tex, 428, 31 S. W. 190, 639, 28 L. R. A. 528; Jackson v. Murray, 77 Tex. 644, 14 S. W. 235; Hazelton v. Holt (Tex. Civ. App.) 285 S. W. 1115.

Finding no error in the record, the judgment is affirmed.