## WOOD v. TEXAS & P. RY. CO.

### No. 4448.

Court of Civil Appeals of Texas. Texarkana. Jan. 13, 1934.

Rehearing Denied Jan. 18, 1934.

Carney & Carney, of Atlanta, and Jones & Jones, of Marshall, for appellant.

King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellee.

SELLERS, Justice.

The suit was by appellant against the appellee railway company to recover damages for personal injuries sustained by him in the collision between the engine of the passenger train and the truck in which he was riding occurring at Lanark Crossing in Cass county. The collision was caused by certain alleged acts of negligence on the part of the employees in charge of the operation of the passenger train. The appellee answered by general denial and plea of contributory negligence in certain acts which proximately caused or contributed to cause the injuries received in the collision. This is a companion case to the Texas & Pacific Railway Co. v. White (Tex. Civ. App.) 44 S.W.(2d) 780, and a complete statement of the case therein appears.

The case was tried by a jury, and a verdict was returned in favor of the appellant for the sum of $4,000. A judgment was rendered in favor of the appellant in keeping with the verdict of the jury. The appellant has appealed from the judgment.

The appellant, as stated in the brief, relies for error upon the two points that (1) of the particular reference and comment of the attorney of appellee while arguing the case to the jury, and (2) of inadequate damages awarded by the jury.

The bill of exception appearing in the record shows that the attorney for appellee, while arguing the case to the jury, said: "The questions propounded to and answers given by Mr. Wood in regard to the whiskey were for the purpose of showing the jury what kind of a man he is." The appellant, witness in his own behalf, testified:

"Q. What had you been engaged in up until the time you got hurt? A. Farming.

"Q. What did you do in 1927? A. Farm.

"Q. In 1928? A. Farm.

"Q. In 1929? A. Farm.

"Q. You ran the farm? A. Yes.

"Q. Did you work? A. Yes, I worked.

"Q. Regularly? A. I worked all of the time except on Sunday, I quit on Sunday."

On cross-examination by the attorney for appellee, the appellant testified:

"Q. You said in 1927, 1928, and 1929 you were engaged in farming? A. Yes.

"Q. You have been making a little whiskey, have you not? A. No, not during that time.

"Q. What time was it you did make some? A. I made about thirty gallons during the spring of 1925.

"Q. You have not made any whiskey since then? A. No, nor before then, either.

"Q. That was the extent of your making it? A. Yes.

"Q. About thirty gallons? A. Yes.

"Q. You pleaded guilty? A. Yes.

"Q. Before the Federal Court in Arkansas? A. Yes.

"Q. Since then you have not made any at all? A. No."

The above was the entire testimony relative to the whisky.

In the light of the record, this court would not be legally warranted in holding that there was reversible error in the attorney's reference and comment as shown by the bill of exception. The particular testimony was introduced without objection thereto, and no request was made to have the same limited to the purpose for which it was offered and made admissible. The reference and comment of the attorney was without objection made to it at the time the same was made, and the court was not asked to instruct the jury not to consider the same. It affirmatively appears in the language of the attorney that only facts were referred to which were disclosed by the evidence in the case. The comment was based upon particular evidence of the case, and does not necessarily rise to abusive and opprobrious language. He was merely laying before the jury the bearing of the testimony of the case, presumably, as is insisted, to show that appellant had not been exclusively engaged in the business of farming for a livelihood. As a general proposition an attorney may with propriety freely discuss or comment on such facts as are in evidence. Corn v. Cattle Co. (Tex. Com. App.) 25 S.W.(2d) 290; Fidelity Union Casualty Co. v. Koonce (Tex. Civ. App.) 51 S.W.(2d) 777; International & G. N. Ry. Co. v. Davison (Tex. Civ. App.) 138 S. W. 1162; Russell v. Martin, 121 Tex. 488, 49 S.W.(2d) 699. And ordinarily the attorney may state all proper inferences from the evidence, and draw conclusions therefrom in his own way of reasoning. Davis v. Hill (Tex. Com. App.) 298 S. W. 526; Texas Tel. Co. v. Seiders, 9 Tex. Civ. App. 431, 29 S. W. 258. The appellate court would not be authorized to set aside the conclusion of the trial court, as must be presumed was made, that the remark or comment upon appellant's connection with the whisky business did not influence the verdict of any one of the jurors. Houston & T. C. R. Co. v. Gray, 105 Tex. 42, 143 S. W. 606.

In the light of the record it is concluded that it may not be said that the jury has abused its discretion in making the award of $4,000 as damages in this case. Although the amount of damages awarded by the jury may seem illiberal from the standpoint of appellant, yet $4,000 is quite a substantial sum of money, and it would be difficult for an appellate court to declare that it was clearly such inadequate recompense for the injury sustained as to indicate that the verdict has been the result of wrongful influence or of prejudice rather than according to the evidence duly considered by the jury. The recovery is not a mere matter of computation, and a great deal of latitude is left to the jury in assessing the amount of damages.

The judgment is affirmed.