**PATTERSON v. FULLER et al.**

**No. 1716.**

Court of Civil Appeals of Texas. Eastland.

Nov. 19, 1937.

Rehearing Denied Dec. 10, 1937.

J. C. Patterson, of Benjamin, and J. S. Kendall, of Munday, for appellant.

M. F. Billingsley, of Munday, for appellees.

GRISSOM, Justice.

In 1931, J. A. Bond, as principal, and H. A. Patterson, A. J. Fuller, W. F. Snody and F. L. Brown, as sureties, executed a note for $1,000, due January 1, 1932, payable to Hon. D. J. Brookreson, as an attorney's fee for representing Bond. The payee brought suit upon said note and, on February 18, 1935, to procure a dismissal of this suit, two sureties on said note, to wit, Fuller and Patterson, executed a second note to Brookreson for $1,327, due December 18, 1935. January 23, 1936, Fuller paid the second note and it was assigned to him. Fuller then instituted the present suit against Patterson, alleging the facts above recited, and further alleging that he had been compelled to pay the second note in its entirety; that he had demanded of Patterson that he pay his pro rata part of said second note and Patterson had refused. Ful-

ler sued for contribution, that is, for one-half of the amount paid by Fuller to Brookreson to discharge the second note, signed only by Fuller and Patterson.

Patterson answered as a defense to Fuller's suit that he never became liable on the second note because he demanded as a condition to the validity thereof that the signatures of Snody and Brown, co-sureties with him on the first note, be obtained and this was not done. There was a conflict of evidence as to this allegation, and the jury in answer to a special issue found against Patterson's contention. Therefore, this contention need not be further discussed.

The defendant, Patterson, as a cause of action against Snody and Brown, further alleged the facts with reference to the execution of the first note and "that thereafter, and on or about the 24th day of January, 1935, the plaintiff A. J. Fuller, acting for and on behalf of each and all of the persons signing said original note paid and discharged the indebtedness evidenced by said note, by paying part of said amount in cash, and executing to the said D. J. Brookreson his personal note, for the balance of said indebtedness; that by reason of the payment of said note by the plaintiff, acting as trustee as aforesaid, this defendant together with W. F. Snody and F. L. Brown became liable to pay their prorata share of the several sums of money so paid out by the said plaintiff A. J. Fuller, and the defendants W. F. Snody and F. L. Brown are liable and bound to pay plaintiff A. J. Fuller and this defendant one half of all sums of money so paid out by said A. J. Fuller as aforesaid."

Only one issue was submitted to the jury, and in answer thereto the jury found that, at the time of the execution of the second note by Patterson and Fuller, Patterson did not demand that the signatures thereto of Snody and Brown be obtained. The judgment was for plaintiff Fuller against Patterson for one-half of the amount Fuller was required to pay to Brookreson in payment of note No. 2, and was against Patterson's claim for contribution against Snody and Brown. From said judgment Patterson has appealed to this court.

Appellant's fourth, fifth, and sixth assignments of error complain of the action of the court in failing to render judgment for him against Snody and Brown (4)

"* * * for the reason that this defendant pleaded for contribution on account of the suretyship on the note executed by H. A. Patterson, W. F. Snody, F. L. Brown, A. J. Fuller and J. A. Bond which was discharged by the note sued upon in this case"; (5) "* * * for the reason that the uncontroverted evidence showed that the note sued upon herein was given in satisfaction of the joint liability of the defendant, H. A. Patterson, of the plaintiff A. J. Fuller and the defendants W. F. Snody and F. L. Brown, that the payment was not voluntary made"; (6) ".* * * for the reason that the evidence showed that the note sued upon was a renewal of a note signed by J. A. Bond, A. J. Fuller, H. A. Patterson, W. F. Snody and F. L. Brown."

We have quoted the gist of appellant Patterson's pleadings in which he seeks judgment over against Snody and Brown. We think such pleading clearly discloses that Patterson did not sue Snody and Brown for contribution on account of payment by him (by the execution of note No. 2) of more than his (Patterson's) proportionate share of note No. 1, on which all of the parties were sureties, but Patterson relied upon the alleged payment by Fuller, allegedly as trustee, in 1935, by Fuller's cash and Fuller's note of the indebtedness evidenced by the first note, which is alleged to have had the effect of discharging the debt evidenced by note No. 1. Such alleged facts are not found by the jury, nor are they established by uncontroverted evidence. We think the reasons stated in connection with said assignments are not in accord with his pleadings. We think said fourth, fifth, and sixth assignments cannot be sustained. As stated, the theory upon which Patterson sought recovery against Snody and Brown was not submitted to the jury, nor requested to be submitted, and not established by the undisputed evidence. The effect of the answer to the only issue submitted to the jury was that Patterson did not demand the signatures of Snody and Brown to note No. 2. This was purely a defensive issue to Fuller's suit. If the execution by Fuller and Patterson of note No. 2 had the effect to extinguish the debt and obligation evidenced by note No. 1, upon the execution of note No. 2, both Fuller and Patterson had the right to recover contribution from Snody and Brown. (No such facts are alleged by Patterson and he does not seek contribu-

tion on any such theory, but, on the contrary, alleges payment by Fuller, as trustee, and concludes that Fuller's action entitles Patterson to recover contribution. We find no evidence that Fuller paid note No. 1 as trustee. If Fuller paid note No. 1 or the debt evidenced thereby, it was done in paying note No. 2 with his own money and personal note. This does not sustain the allegation that it was paid as trustee. The only other way note No. 1, or said debt, could have been paid, was by the execution by Fuller and Patterson of note No. 2.) Fuller, Patterson, Snody, and Brown were all sureties upon note No. 1. The execution of note No. 2 by the sureties Patterson and Fuller, if it had the effect of paying note No. 1 and extinguishing the debt evidenced thereby, gave the sureties so paying immediately a right of action against the nonpaying sureties upon an implied promise raised by law for reimbursement for their proportionate share of said debt. Faires v. Cockerell, 88 Tex. 428, 436, 31 S.W. 190, 639, 28 L.R.A. 528; Merchants' Nat. Bank v. McAnulty, 89 Tex. 124, 33 S.W. 963. Or, if they so paid it, they could have sued upon note No. 1. Fox v. Kroeger, 119 Tex. 511, 35 S.W.2d 679, 77 A.L.R. 663. In connection with said assignments we call attention to the fact that, though Patterson sought to implead Snody and Brown, and asked for judgment over against them, the only answer in the record by Snody and Brown is with reference to a supposed cause of action against them by the plaintiff, Fuller. Fuller alleged no cause of action against Snody and Brown; Fuller contested Patterson's effort to make them parties. No decision of the court with reference thereto is shown in the record. The defendants Patterson, Snody, and Brown were all represented in the trial court by the same attorneys. Further, in paragraph 4 Patterson alleged that the dismissal of the suit by Brookreson released and discharged Snody and Brown from liability by reason of the first note, or suit, and by such dismissal he lost the right of contribution against Snody and Brown; in the fifth paragraph he alleges that Snody and Brown are liable to him for contribution. Such pleadings are not in the alternative, nor in separate counts. Dallas Ry. & Terminal Co. v. Redman (Tex.Civ.App.) 88 S.W.2d 136.

The allegations of Patterson were not that he (Patterson) had paid the note, or more than his proportionate share of the note, upon which Snody and Brown were also sureties, but that Fuller had paid the note on which they all were sureties; Patterson alleged that such payment by Fuller was as trustee for Patterson, Snody, and Brown, and the conclusion is that, because of such payment by Fuller, Snody and Brown are liable and bound to pay Patterson "one half of all sums of money so paid out by the said plaintiff A. J. Fuller." If this be a correct proposition of law, it is not sustained by the evidence. Furthermore, the general rule is that there can be no recovery of contribution until after payment by the party seeking contribution. 13 C.J. 823, 826. We think, therefore, appellant's assignments of error 4, 5, and 6 must be, and they are, overruled.

Our opinion is not to be construed as precluding the assertion of a cause of action by Patterson against Snody and Brown for contribution or indemnity, if any he now has or shall have hereafter. As to the action by Patterson against Snody and Brown, our decision is limited to the holding that Patterson has not, as a matter of law, there being no jury finding relative thereto, shown himself, under the pleadings and the entire record, entitled to recover herein. See Jackson v. Murray, 77 Tex. 644, 14 S.W. 235; Glasscock v. Hamilton, 62 Tex. 143; Key v. Oates (Tex.Civ.App.) 280 S.W. 286; Barton v. Farmers' State Bank (Tex.Com. App.) 276 S.W. 177; Southern Cas. Co. v. Fulkerson (Tex.Civ.App.) 30 S.W.2d 911, 919, reversed on other points (Tex. Com.App.) 45 S.W.2d 152; Maresh v. Jennings (Tex.Civ.App.) 38 S.W.2d 406 (error ref.); Fox v. Kroeger, supra; Huggins v. Johnston, 120 Tex. 21, 35 S. W.2d 688; Lewis v. Easley (Tex.Civ. App.) 34 S.W.2d 376; Perry's Adm'r v. Smith, 34 Tex. 277; Twichell v. Askew (Tex.Civ.App.) 141 S.W. 1072; Zachry & Gearhart v. Peterson & Avant (Tex. Civ.App.) 171 S.W. 494; Hinn v. Gallagher, 114 Tex. 322, 268 S.W. 132; Wilson v. Lowrie (Tex.Civ.App.) 40 S.W. 854; United States F. & G. Co. v. Century Ind. Co. (Tex.Civ.App.) 78 S.W.2d 737; 6 R.C.L. 1045.

Appellant's first assignment of error complains of the following argument by counsel for Fuller: "Henry Patterson did not say anything about asking for the signatures of Walter Snody and Brown on the note until after this suit was filed

and until after limitation had run against the other note."

The second and third assignments complain of the following argument: "If Henry Patterson had asked for the signatures of Walter Snody and Brown on the note, Jeff Brookreson would not have taken it, for Brookreson was a good lawyer, and knew that if he did take it without their signatures if Patterson asked it, that he could not collect, and that any of the parties could defeat it." The objections stated to the argument were, in substance, that it was not warranted by the evidence, was prejudicial, called upon the jury to discuss matters foreign to either the law as given in the charge, or the facts proved upon the trial, and was an appeal to the jury to consider in their deliberations the reputation of Mr. Brookreson as an attorney at law.

We think the argument was no more than counsel's inference or deduction from the facts in evidence. It has been held that an attorney may state his inference from the evidence and draw his conclusions therefrom in his own manner, even though such inference and conclusions may be illogical, improbable, erroneous, or absurd. 64 C.J. § 284, p. 265; 41 Tex. Jur. § 56, p. 772. We think the argument, in effect, that a lawyer would not have accepted the note without the signatures of Snody and Brown, had Patterson demanded their signatures thereto as a condition to his liability thereon, was a reasonable and logical conclusion from the facts in evidence. Such statements and conclusions, deductions and inferences, under the authorities, do not constitute reversible error. Whether an argument is calculated to prejudice and injure the opposing party is a question addressed to the sound discretion of the trial judge, and appellate courts will not interfere with his decision, unless it is apparent the judge has abused his discretion. 41 Tex.Jur. 819; Hubb Diggs Co. v. Bell, 116 Tex. 427, 293 S.W. 808; Emberlin v. Railway Co. (Tex. Com.App.) 284 S.W. 539; Texas Power & Light Co. v. Bristow (Tex.Civ.App.) 213 S.W. 702, 708 (error ref.); Norwich Union Ind. Co. v. Smith (Tex.Com.App.) 12 S.W.2d 558; 41 Tex.Jur. § 51, p. 765; Id. § 86, p. 819; Russell v. Martin, 121 Tex. 488, 49 S.W.2d 699; Corn v. Crosby County Cattle Co. (Tex.Com. App.) 25 S.W.2d 290, 293; Wood v. Texas & P. Ry. Co. (Tex.Civ.App.) 67 S.W. 2d 1109; Allen v. Texas & N. O. Ry

Co. (Tex.Civ.App.) 70 S.W.2d 758, 760; Le Grone v. Chicago, R. I. & G. Ry Co. (Tex.Civ.App.) 189 S.W. 99; Evans v. Beard (Tex.Civ.App.) 70 S.W.2d 253; Brazelton v. St. Louis S. W. Ry Co. (Tex. Com.App.) 296 S.W. 290.

The judgment of the district court is affirmed.