## ROE v. CHAPMAN et al.

### No. 9024.

Court of Civil Appeals of Texas. Austin.

July 2, 1941.

Rehearing Denied July 23, 1941.

D. I. Durham, of San Angelo, and W. C. McDonald, of Robert Lee, for appellant.

C. T. Dalton, J. L. Mays, and W. A. Anderson, all of San Angelo, for appellees.

BLAIR, Justice.

Appellee, Peerless Wire and Fence Company, sued W. K. and Sam Chapman on a promissory note executed by them as comakers, payable to appellee; and also sued appellant, Fred Roe, on the allegation

that he had assumed the payment of the note in consideration of the conveyance to him of certain real and personal property by W. K. Chapman. The Chapmans admitted the execution of the note, and by cross action against appellant Roe alleged that he had assumed the payment of the note. This appellant denied, but alleged that Sam Chapman was indebted to the First State Bank of Robert Lee, Texas, at the time of the alleged assumption, and that his only agreement was that if Sam Chapman would pay the note in suit, he (Roe) would give Sam Chapman credit on what he owed the bank.

The jury found that appellant Roe assumed the payment of the note in consideration of the conveyance to him by W. K. Chapman of certain real and personal property; and that he assumed the entire amount of the note in the sum of $242.70. Judgment was accordingly rendered for appellee against the Chapmans and Roe for the amount due on the note, interest and attorney's fees, and Roe was adjudged primarily and the Chapmans secondarily liable.

■ The court permitted Sam Chapman to testify that he did not owe the Robert Lee Bank any amount at the time he received a letter from appellant Roe claiming he did; and that a subsequent suit by the bank against him on the alleged indebtedness was unsuccessful. This testimony was objected to on the ground that it was irrelevant, immaterial and highly prejudicial, because it had no relation to any issue in the instant case. We regard the testimony as material and as tending to disprove the defense of Roe, pleaded and testified to by him, to the effect that at the time he made the agreement with W. K. Chapman he did not assume the note in suit, but only agreed to give Sam Chapman credit on what Sam owed the bank, if he would pay the note in suit. Roe had introduced in evidence the letter tending to support his contention, and the testimony complained of did tend to disprove this defense and contention of appellant Roe.

■ Appellant next complains of alleged improper argument of counsel for the Chapmans to the jury, which was objected to at the time made. Counsel's statement was that "Fred Roe took Mrs. Bill Chapman by the nape of the neck and led her out of her house and home." The complaint is that this argument was calculated to arouse the passions and prejudice of the jury against appellant. We do not regard the argument as requiring a reversal of the case, when viewed in the light of the matters before the jury. The Chapmans had delivered in 1930 and 1933 all the property they had in settlement of their indebtedness to Roe or his bank. W. K. Chapman testified that in 1933 Roe demanded that he deliver to him or his bank all that he had in settlement of his debt, which he did, and which included his home, live stock, feed, chickens, turkeys, farming implements, and all farm equipment; and both Chapman and his wife testified that they walked out of their home, leaving everything except their household goods and clothing; and that the consideration for such transfers was, in part, the assumption of the note in suit. Saying that Roe took Mrs. Chapman by the nape of the neck and led her out of the house was but a figurative way of conveying the notion that Roe or the bank had used a certain method to dispossess them, and in doing so demanded and obtained everything they owned. In the light of these facts and circumstances, we think it may be reasonably assumed that the jury so construed the argument, and with this record before us it is our duty to construe the argument from the same viewpoint. McClintic v. J. D. Young Corp., Tex.Com.App., 66 S.W.2d 676; Bettis v. Bettis, Tex.Civ.App., 83 S.W.2d 1076; Patterson v. Fuller, Tex.Civ.App., 110 S.W. 2d 1230; and Traders General Ins. Co. v. Peterson, Tex.Civ.App., 87 S.W.2d 322.

■ The remaining contention of appellant is that the verdict is excessive in that there was no credible testimony that Roe ever assumed the payment of more than $180 on the note, which was the amount he claimed Sam Chapman owed the Robert Lee Bank. Although the evidence is conflicting, it is not of such character that we can say reasonable minds could not differ as to the conclusion to be drawn from it. Three disinterested witnesses testified to hearing Roe agree to pay the note, although they were unable to say as to the manner of payment.

The judgment of the trial court is affirmed.

Affirmed.