## J. V. RUSSELL ET UX. V. FLORENCE MARTIN.

No. 5888.   Decided May 16, 1932.
(49 S. W., 2d Series, 699.)

*Marvin H. Brown* and *Marvin H. Brown, Jr.,* both of Fort Worth, for appellants.

On the question that it was error for counsel for plaintiff to ask the witness, Dr. Braswell, in the presence of the jury, who employed the witness to make an examination of the plaintiff, such question being so framed that it was calculated to induce the witness to testify in the presence of the jury, and the witness did so testify, that some insurance company employed him to make such examination, and that such answer should have been excluded by the court, for the reason that such testimony was calculated to prejudice the minds of the jury, etc., counsel cites Levinski v. Cooper, 142 S. W., 959; Water, Light & Ice Co. v. Barnett, 212 S. W., 236; Lone Star

Gas Co. v. Coates, 241 S. W., 1111; Lange v. Lawrence, 259 S. W., 261; Acola v. Magnolia Pet. Co., 261 S. W., 384; Fakes & Co. v. Ft. Worth Gas Co., 280 S. W., 234; Gose v. Ballard, 12 S. W. (2d) 1067.

*Houtchens & Houtchens,* of Fort Worth, for appellee.

On the question of the voluntary statement of witness not being prejudicial, counsel cite Horton v. Benson, 266 S. W., 213, 277 S. W., 1050; North Texas Trac. Co. v. Woodall, 294 S. W., 873, 299 S. W., 220; Burnett v. Anderson, 207 S. W., 540; D. & H. Truck Lines v. Lavallee, 7 S. W. (2d) 661; Jimmie Guest Motor Co. v. Olcott, 26 S. W. (2d) 373; Carter-Mullaly Trans. Co. v. Bustos, 187 S. W., 396.

On question of improper argument of counsel. Colvard v. Goodwin, 24 S. W. (2d) 786; Chicago, R. I. & G. Ry. Co. v. Harris, 28 S. W. (2d) 611; Davis v Hill, 298 S. W., 526.

Mr. Presiding Judge SHORT delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals of the Second District has presented the following explanatory statement accompanying the certified question appended thereto:

"J. V. Russell and wife, Opal Russell, have appealed from a judgment rendered against them as defendants in favor of Florence Martin as plaintiff, for the sum of $3,000.00, awarded as damages sustained by the plaintiff as the result of a collision between two automobiles, one driven by the plaintiff and the other by the defendant, Mrs. Opal Russell; the damages awarded being the amount found by the jury.

"The case was tried before a jury, who, in answer to special issues, found that Mrs. Russell was guilty of negligence in several particulars, each of which was a proximate cause of the collision and injuries to the plaintiff. The date of the trial was September 18, 1929.

"There was a sharp conflict in the testimony as to the extent of the plaintiff's injuries; the testimony of plaintiff herself and that of the physician who treated her being sufficient to support the allegation of injuries, both temporary and permanent, for which the jury allowed damages. The testimony offered by the defendants tending to contradict that offered by the plaintiff as to the injuries sustained by plaintiff included that of Dr. R. O. Braswell, and according to his testimony the plaintiff sustained no injuries as described in her pleadings, and

that the injuries for which she was suing were slight and of only a temporary character.

"Upon cross examination by plaintiff's counsel, Dr. Braswell was asked this question:

" 'When you examined Miss Martin, at whose suggestion did you examine her?'

"To which the witness answered: 'I examined her for Mr. Brown—Marvin Brown (plaintiff's counsel). Some Insurance company, I don't remember."

"Defendant's counsel, addressing himself to the court, said: 'We object to that, if the court please.'

"The court made no ruling on that objection but permitted counsel for plaintiff to proceed with his examination of the witness as follows:

" 'Q. At any rate how long ago was it since you examined this woman?'

" 'A. I made the first examination on June 25, 1928, and made the second examination on July 14, 1928.'

" 'Q. It is a pretty common occurrence for you to be called as a witness for—in various cases, and such as that?'

" 'A. You mean in court house cases?'

" 'Q. Yes, sir.'

" 'A. Lots more than we would like to be.'

"Those proceedings were all recited in a bill of exception taken by counsel for the defendants.

"Another bill of exception appears in the record which shows that while Mr. Houtchens, counsel for plaintiff, was making the closing argument to the jury, and while discussing the testimony of Dr. R. O. Braswell, the witness mentioned above, he used this language:

" 'Gentlemen of the jury, it makes my blood boil to see them put on such expert testimony as the defendants put on before you in this case by their witness Dr. Braswell, who has tried to make it appear that this plaintiff hasn't received any injuries. Gentlemen of the jury, don't you see how hard it is for a plaintiff to get justice in the court house?'

"When that argument was made, counsel for defendants arose and objected thereto in the following language:

" 'We object to the argument just made by plaintiff's counsel in which he has told the jury that testimony of witnesses such as Dr. Braswell made his blood boil and that the jury could see how hard it is for a plaintiff to get justice in the court house because such argument is unfair, is inflammatory and prejudicial to the rights of the defendant.'

"Notwithstanding that objection, the court made no ruling thereon, thus permitting the jury to consider it.

"On a former day of the present term of court, we held that by reason of the testimony so given by Dr. Braswell, indicating that the defendants carried accident insurance against liability for the injuries sustained by the plaintiff, taken in connection with the argument of counsel for plaintiff, recited above, the judgment should be reversed and the cause remanded; but all other assignments of error presented in the record were overruled.

"A motion for rehearing is now pending, and since we are not agreed as to the proper disposition of it, we deem it advisable to certify to your Honors the question whether or not we erred in the ruling indicated."

■ It will be noted that the Court of Civil Appeals, in its statement, has combined the objectionable testimony with the alleged objectionable argument, doubtless upon the theory that the same rule of practice is applicable to errors upon the trial whether in the admission of evidence, argument of counsel or misconduct of the jury. Bell v. Blackwell, 283 S. W., 765; Davis v. Hill, 298 S. W., 526. It will also be noted that the certificate states: "There is a sharp conflict in the testimony as to the extent of plaintiff's injuries, * * * the testimony offered by the defendants tending to contradict that offered by the plaintiff as to the injuries sustained by plaintiff, including that of Dr. R. O. Braswell, and according to his testimony the plaintiff sustained no injuries as described in her pleadings, and that the injuries for which she was suing were slight and only a temporary character." The certificate also states that the testimony of the plaintiff and of the physician who treated her was sufficient to support the allegations of injuries, both temporary and permanent, for which the jury allowed damages. We assume that the testimony of the witness, Dr. Braswell, was of that affirmative and positive nature that if the jury had believed it there would have been a verdict in favor of the appellants. It is apparent from the certificate that Dr. Braswell testified only as an expert. The alleged objectionable argument clearly referred to this expert testimony of Dr. Braswell and did not, even inferentially, refer to the testimony of this witness made in answer to the question, wherein the information was sought of the fact within the personal knowledge of the witness. The jury in the case were under oath to try the case according to the law as given in charge by the

court, and the testimony elicited under the direction of the court. In the absence of a showing to the contrary, it must be presumed that the jury obeyed the injunctions of the oath taken. The objectionable argument, with the status of the testimony shown by the record, confined as it was, not only to the testimony of one witness, but also expressly stating that it was the expert testimony of this witness, to which the counsel referred, excludes the idea that the argument referred to any other character of testimony of the witness than expert testimony. The counsel, in the argument, gave the reason why he criticised the testimony of this witness, which was that the witness was trying to make it appear that no injury had been inflicted upon the appellee. The jury had heard the testimony of the other witnesses to the effect that the appellee was seriously injured, and the witness, Dr. Braswell, testifying as an expert, declared in his opinion from his examination made of the appellee, that she had not been injured. Evidently it was in the mind of the counsel, in using the alleged objectionable statement in his argument, that it was difficult for a plaintiff in a damage suit to make out a case against the defendant when witnesses like Dr. Braswell would testify as an expert as he did. We see nothing objectionable in this argument, under the facts stated, since the counsel was discussing legitimate testimony introduced under the direction of the court. This is always allowable so long as the counsel confines himself to the record, and draws his own conclusions in his own way, from the testimony. This argument did not inject any new fact or issue in the case. The jury had heard counsel for appellee introduce the testimony of various witnesses as to the nature and extent of injuries inflicted, and had heard the petition read, which doubtless formed the basis for the introduction of this tetimony. The court had evidently instructed the jury that unless these allegations were proven by a preponderance of the evidence, no judgment in favor of the appellee could be rendered. The testimony of the witness, Dr. Braswell, was that of an expert only, and his testimony was to the effect that the plaintiff had not sustained any injury described in their pleadings. The argument of counsel was therefore pertinent to the issues raised by the testimony.

■ When the witness, Dr. Braswell, was asked at whose suggestion he examined the injured party, he made a direct answer by saying: "I examined her for Mr. Brown—Marvin Brown." We assume Mr. Brown—Marvin Brown—was representing the

appellants as their counsel, and as such counsel he had placed the witness, Dr. Braswell, upon the stand and had him testify as the record shows he did. This answer above quoted, was the statement of a fact, and was an appropriate answer to the question. Apparently the object of the counsel of appellee, in asking the question, was to show that Dr. Braswell had not examined the appellee at her request, or at the request of anyone authorized to act for her, and therefore was not responsible for the fact that Dr. Braswell had made the examination about which he testified. This was clearly a legitimate question, and equally as clearly a legitimate answer, and the jury evidently understood that Mr. Marvin Brown had selected the witness, Dr. Braswell, to make the examination of the appellee for the purpose of using him as a witness on behalf of appellants.

The interjection of the additional statement, voluntarily made by the adverse witnesses to the appellee, in view of his previous statement, was meaningless, assuming as we must, the truth of the direct answer made to the question, to the effect that the witness had examined the injured party for Mr. Brown, the counsel representing the appellants. There is nothing in the record even tending to show that Mr. Brown was representing any insurance company, or if so, what the character of the insurance was in which the company was interested. Certainly, there is nothing in the testimony to show that the appellants were connected with any insurance company, or if so, that the transaction involved in the suit had any connection with any insurance company, such as would ultimately relieve the appellants from financial loss on account of the injuries inflicted. Had the appellants, in their motion for a new trial, established the fact that the jury were guilty of some misconduct, growing out of the rendition of the verdict based upon this statement of Dr. Braswell, voluntarily made, and without any meaning, as gathered from the testimony in the case, we would have a case wherein the court would have been compelled to have granted a new trial. Houston & T. C. R. R. Co. v. Gray, 105 Texas, 42, 143 S. W., 606; Casstevens v. Texas & Pac. Ry. Co., 119 Texas, 456, 32 S. W. (2d) 637; Moore v. Ivey, 277 S. W., 106.

The objection to the voluntary statement made by the witness, Dr. Braswell, to-wit: "some insurance company, I don't remember," is evidently based upon a theory that this statement tended to inform the jury that some insurance company had made a contract with the appellants, by the terms of which it obligated itself to reimburse them in the event they should be

compelled to pay any sum of money arising out of circumstances such as those as are portrayed by the testimony introduced by the appellants in the case. There is no testimony in the record even tending to show that the counsel who propounded the question had any knowledge that any insurance company was under any obligation to repay the appellants for any moneys they may have been compelled to pay under the circumstances portrayed in the case. This part of the answer of the witness, Dr. Braswell, apparently was not only voluntary, but if it showed anything, it showed an ignorance on the part of Dr. Braswell, even as to the name of any insurance company, much less the terms of any contract which any insurance company might have made with the appellants. The trial court heard this testimony and passed upon it directly when the motion for new trial was presented, and reached the conclusion that this testimony of which complaint was made was not calculated to influence the jury in arriving at their verdict. It heard the alleged objectionable argument also in passing on the motion for a new trial and reached the conclusion that this argument could not be construed as having any reference to the objectionable statement of the witness, Dr. Braswell. Horton v. Benson, 277 S. W., 1050. While the voluntary statement of the witness, Dr. Braswell, was improper, under the issues made by the pleadings in the case, yet in view of the circumstances under which it was made, we are unable to see how any intelligent jury could reach any conclusion based thereon, to the effect that the appellants were protected under a contract of insurance against ultimate loss for having to pay damages arising out of the transaction similar to that portrayed by her pleadings and by her testimony. And since we have held that the argument did not, and could not have been construed to have any reference to this voluntary statement of the witness, Dr. Braswell, the law of the case must be determined by ascertaining whether or not this voluntary statement, probably had any influence with the jury in arriving at the verdict rendered. We do not think that it did.

We recommend that the certified question be answered in accordance with the conclusions we have reached.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. CURETON, Chief Justice.