## CITY OF WACO v. KILLEN et al.
### No. 1307.

Court of Civil Appeals of Texas. Waco.
March 30, 1933.

Rehearing Denied May 11, 1933.

John McGlasson, of Waco, and Geo. Morrow, of Dallas, for appellant.

McClellan, Lincoln & Williams, of Waco, for appellees.

ALEXANDER, Justice.

This is a second appeal of the same case. See (Tex. Civ. App.) 20 S.W.(2d) 409; Id. (Tex. Com. App.) 35 S.W.(2d) 134. The action was brought by Hazel Darnell against the city of Waco to recover damages for personal injuries alleged to have been sustained by her while riding in an automobile. Miss Darnell later married A. V. Killen, who joined with her in the prosecution of the suit. The plaintiffs alleged, in substance, that on the occasion in question Miss Darnell was proceeding southward on South Fifth street in the city of Waco in an automobile driven by Miss Clark, that Miss Clark turned the automobile to the left off of South Fifth street into Cleveland street in an easterly direction, and that in doing so the automobile struck a stump in Cleveland street, thereby inflicting the injuries complained of. It was alleged that the city was negligent in allowing the stump to remain in or near Cleveland street without providing some protection to prevent automobiles striking it. The city, among other things, alleged that the stump was not located within the street, but was situated on private property to the south of the street, and, further, that the injuries complained of were due to the negligence of Miss Clark in the operation of the automobile.

It was a material issue in the case as to whether or not the stump in question was located in Cleveland street or to the south thereof on private property. South Fifth street runs north and south, and Cleveland street runs east from South Fifth street to South Fourth street. It appears that many years ago Cleveland street was left open as an alley or street by the adjoining property owners and that it was irregular in width. The north line thereof appears to have been straight and ran at right angle to Fifth street. The property on the south side of said street formerly belonged to Dr. Sears. He built a crooked fence along or near the north line of his property and the south line of Cleveland street so as to leave the street or alley about 37 feet in width at the place where it intersected South Fourth street and about 22⅓ feet in width where it intersected South Fifth street. In the fence line on the north side of the Sears property and the south side of Cleveland street, near South Fifth street, there was a bois d'arc tree to which the fence was attached. In 1918, the Sears property was sold and the fence removed, and some time thereafter the tree was cut down, leaving a large stump about 12 inches in height above the ground. Thereafter R. D. Roman, who had become the owner of the Sears property, prepared to build an apartment house thereon, immediately on the south side of Cleveland street and fronting on South Fifth street, but was stopped by the city officials on their claim that the ground on which he proposed to erect the building included a part of Cleveland street belonging to the city. The city engineer made a survey of the street and the adjoining property and prepared and filed a plat thereof with the city, showing Cleveland street to be of the uniform width of 37 feet from South Fifth street to South Fourth street. In order to make Cleveland street as wide as indicated by the city engineer, it would have been necessary for the city to have included therein 14½ feet off of the north side of the property claimed by Roman at the intersection of South Fifth street, which would have placed the stump well within the street. There was evidence that after said survey was made the mayor and the four city commissioners went with Mr. Roman and viewed the property, and that they then and there agreed with each other on the street line, under the terms of which it was agreed that said street should be recognized as being 27½ feet in width from South Fifth street to the rear of the Roman property. In order to do this, it was necessary for the city to take part of the property claimed by Roman near the front of his lot on South Fifth street and for Roman to take a part of the property claimed by the city near the rear end of his lot. The effect of this agreement was to place the bois d'arc stump 2 or 3 feet inside of Cleveland street. At and prior to the accident in ques-tion the city maintained as the graded portion of Cleveland street a strip about 20 feet wide; the graded portion thereof lacking about 6 inches of going to said stump.

The trial was before a jury on special issues. The jury found (a) that the stump was not located north of or outside of the old fence heretofore referred to; (b) that in 1922 there was an actual bona fide dispute between the city of Waco and Roman as to the boundary line between Cleveland street and the Roman property; (c) that the city, through its commissioners, had an oral agreement with Roman fixing such boundary line; (d) that under such agreement the stump was located on the north of said line, or within Cleveland street, and not on private property; (e) that the stump obstructed the traveled portion of said street at the time of the accident; (f) and the city had knowledge thereof; (g) and was negligent in permitting the stump to obstruct the street; (h) which negligence was a proximate cause of the injuries in question; (i) that the stump was located in such close proximity to the traveled portion of the street that it affected the safety of those using the street for travel in automobiles; (j) and the city had knowledge thereof; (k) and was negligent in allowing the stump to remain so located; (l) which negligence was a proximate cause of the injuries in question; (m) that it was negligence for the city to fail to erect a curb, guard, barrier, or railing at or near the stump, which negligence was the proximate cause of the injuries in question. The jury acquitted Miss Clark, who was driving the automobile, of all acts of negligence, and assessed plaintiff's damages at $8,000. Judgment was entered for plaintiffs accordingly. The city of Waco appealed.

■ The appellant in its first assignment of error complains of a large part of the argument made by counsel for appellee in his closing argument to the jury. The argument complained of is too long to set out in the opinion. The substance of this argument consisted of an attack upon the appellant and its attorneys because of their conduct in attempting to establish that Mrs. Killen was not in fact injured to the extent claimed by her, but was malingering. That portion of the argument most vigorously complained of, was as follows: "Then they put two more hirelings out there, Gentlemen of the Jury. Think of that, you men of the South, you men of Texas, you men of McLennan County! Think about it, Gentlemen of the Jury! Would you believe in this community, under the circumstances which this case shows there was any reason for anything like that found in this record? while these folks are in their home at night, eyes are peeping from the darkness watching them, watching their actions. I guess they had a little too much decency to tell you all they saw. Then they

produce that as evidence here. They had that immaculate spy waiting out there in the lobby then but did not produce him. Why? Because they had no jury in here that would believe them. Then they bring him in this time. They use Dr. Aynesworth, not as their reason but as their excuse."

The plaintiffs claimed that Mrs. Killen received a deep cut in the left side of her neck, and that as a result thereof she had lost the use or partial use of her left arm. The evidence showed that the city, in an effort to establish that Mrs. Killen had not lost the use of her arm, employed two detectives to watch her. One of them with his family took a house next door to the Killens, and the other one with his family took a house immediately across the street. These detectives testified that, for the purpose of gathering evidence, they visited in the Killen's home, played cards, and went for pleasure rides with them; that they had seen Mrs. Killen use the injured arm in playing cards, drying dishes, and lifting the baby. They testified that by raising the window shades in their own apartments they could see Mrs. Killen at work in and about her home, and that they had seen her use her left arm to a limited extent when no one else was around; that on one occasion they had seen her carry her purse under her left arm. One of the detectives testified that while around home Mrs. Killen did not make any difference in the use of her two arms, but that when "she got away from home and in the sight of the public she went to acting like she could not use the arm." Mrs. Killen while on the witness stand did not contend that she had lost the total use of her left arm. She demonstrated in the presence of the jury that she could use her arm to a limited extent. The testimony revealed that she had submitted to repeated examinations at the request of the appellant and that she had never refused such request.

We are of the opinion that the argument complained of was justified by the record. Counsel in his argument has a right to discuss all of the facts in evidence. This includes the right to discuss not only the conduct and character of the witnesses, as revealed by the evidence, but the manner in which his adversary has conducted his case. Where one party, in order to defeat liability, undertakes an assault upon the character of the other party to the suit, the latter counsel has a right to discuss the tactics resorted to, and to demonstrate, if he can, from the evidence, that such assault was unwarranted. Jackson v. Jackson (Tex. Civ. App.) 35 S.W. (2d) 830; Russell v. Martin (Tex. Com. App.) 49 S.W.(2d) 699; Corn v. Crosby County Cattle Co. (Tex. Com. App.) 25 S.W.(2d) 290, par. 3; 38' Cyc. 1498.

■ The appellant complains of the action of the court in allowing several witnesses to testify with reference to the density of the population in the vicinity of Cleveland street and the amount of travel on said street. We are of the opinion that this evidence was admissible. Evidence of the amount of traffic on the street in question was material to establish the reasonable probability of some one being injured as the result of striking the stump in question and to establish the negligence of the city in failing to either remove the stump or provide a barrier to prevent automobiles striking the stump.

■ The appellant, by several assignments of error, complains of the action of the trial court in permitting the witness Roman to testify with reference to an alleged agreement between himself and the mayor and city commissioners as to the location of the line between his property and Cleveland street. The appellant also complains of the action of the court in admitting in evidence excerpts from the minute books of the board of commissioners to the effect that the matter of acquiring property for the purpose of widening Cleveland street had been referred to the city attorney. These same objections were presented on the former appeal and were determined adversely to appellant. See City of Waco v. Darnell (Tex. Civ. App.) 20 S.W.(2d) 409, par. 2. While this evidence was not admissible for the purpose of showing that the city was negligent in failing to widen the street, it was admissible for the purpose of showing that the land on which the stump was located had been dedicated by Roman for street purposes and that the city had accepted same and assumed jurisdiction thereof.

■■ Issue No. 13 as submitted to the jury was as follows: "Do you find from a preponderance of the evidence that it was negligence on the part of the City of Waco not to erect a curb, guard, barrier or railing at or near said stump, prior to the accident in question?" To which the jury answered "Yes."

The appellant contends that it was error to submit this issue to the jury, first, because the issue was upon the weight of the evidence and assumed that the city failed to erect a curb or barrier at or near the stump; and, second, because there was no duty resting upon the city to erect such curb or barrier. The evidence was undisputed that the city did not erect any such curb or barrier, and the issue was therefore not upon the weight of the evidence. The evidence showed that the stump was within a few inches of the graded portion of the street. The jury found that it was in such close proximity to the traveled portion of the street that it affected the safety of those using the street. The Commission of Appeals upon the former appeal of this case held that one might recover for injuries caused by defects or obstructions outside of the street or traveled

portion thereof if such defects or obstructions, by reason of their proximity to the street or traveled portion thereof, rendered it probable that such injuries might result by reason of such defects or obstructions. City of Waco v. Darnell (Tex. Com. App.) 35 S.W.(2d) 134, par. 6. Under the evidence we think it was a question of fact for the jury to determine whether or not said stump was in such close proximity to the used portion of the street as to endanger those using the street in a prudent manner and whether or not the city was negligent in failing to provide some protection to prevent striking said stump.

■■ The court permitted appellees to introduce in evidence photographs of the scene of the accident taken approximately three years subsequent to the date of the accident and after the stump had been removed. Ordinarily a photograph, in order to be admissible, must represent the scene substantially as it existed at the time the controversy arose and not as it existed after a change had been brought about. However, other photographs were introduced by both the appellant and the appellees without objection reflecting the scene as it existed at the time of the accident, and there does not appear to be any substantial difference between the scene as reflected by these photographs and that reflected by those complained of. We are of the opinion that the error, if any, in admitting this evidence, did not result in any substantial injury to the appellant.

We have considered all other assignments of error, and find them without merit.

The judgment of the trial court is affirmed.