## FLORES v. SULLIVAN.

### No. 10115.

Court of Civil Appeals of Texas. San Antonio.

Jan. 31, 1940.

Rehearing Denied March 6, 1940.

R. H. Mercer, of San Antonio, for appellant.

Kazen & Kazen, Hicks, Dickson & Lange, and James M. Williamson, all of Laredo, for appellee.

SMITH, Chief Justice.

This action was brought by John L. Sullivan, individually and as next friend of his minor son, Francis Sullivan, against Martin Flores, owner of a taxicab, for personal injuries alleged to have been sustained by the minor when struck by the spare wheel of Flores' taxicab, which was released from its mooring as a result of a collision between the taxicab and an automobile operated by a third party, in the City of Corpus Christi. A jury trial resulted in a judgment for damages as prayed for by Sullivan. Flores appealed to this court, which ordered the judgment reversed, and rendered judgment that appellee take nothing, upon the sole ground that the record showed that appellant's negligence was not the proximate cause of the injuries to the minor. 112 S.W.2d 321. The Supreme Court granted writ of error, reversed the judgment, and remanded the

cause to this court, with directions to pass upon the remaining questions raised in the appeal. Sullivan v. Flores, Tex.Com.App., 132 S.W.2d 110.

The facts in the case are fully stated in the reported opinions of this and the Supreme Court and need not be restated here. In reversing the judgment of this court our Supreme Court upheld the finding of the jury that the negligence of appellant was the proximate cause of the accident, thereby overruling appellant's first proposition of law, which need not be further discussed here.

The trial judge submitted the issue of unavoidable accident in this language:

"Special Issue No. 25. 'Do you find, from a preponderance of the evidence, that the occurrence in question was not an unavoidable accident?

"You are instructed that an 'unavoidable accident' is an event happening suddenly and unexpectedly without the foresight or knowledge of a person and without fault or negligence on the part of anyone, which caused the resulting injuries or damages."

In his second proposition appellant complains of this submission upon the ground that in the definition therein of unavoidable accident the "element of proximate cause" was omitted, when it should have been included therein. We conclude that, considering the question and definition together, the definition was substantially correct; that the issue was fairly submitted; and that no injury could have resulted to appellant by the submission. Speer's Special Issues, § 77; Wichita Valley Ry. Co. v. Minor, Tex.Civ.App., 100 S.W.2d 1071, and authorities there cited. We overrule appellant's second proposition, and, for like reasons, his third proposition. We also overrule appellant's fourth proposition as being without merit. Appellant has voluntarily waived his fifth proposition, which will be disregarded accordingly.

In his brief appellant complains of the amount of damages awarded appellee. We conclude that the evidence was sufficient to sustain the verdict, which, being approved by the trial judge, is binding upon this court.

In his seventh, eighth, ninth, tenth and eleventh propositions appellant complains that the trial court submitted the issue of whether the acts of Joseph K. Marshall, a third party, were the sole prox-

imate cause of the accident, conditioned upon the negligence of the third party. We overrule those propositions upon the ground that specific objection was not made at or before the submission of that issue to the jury, and hence are not available on this appeal. The objection made below was that "The defendant objects and excepts to the charge of the Court as a whole, because it fails to submit the defendant's defenses as plead by him, and as requested in the form and manner heretofore requested in his Special Requested Issues Nos. 1 to 9, inclusive, and the subdivisions thereunder, and the defendant here and now requests the court to give all of said Issues in the manner and form as heretofore requested." It is obvious that such objection was too general to apprise the trial judge that appellant's true and specific objection was that the charge given required the jury to base any finding of sole proximate cause upon the negligent acts of a third party. No doubt the trial judge would have harkened to the specific objection, if timely and properly made; whereas, on the other hand, he was not required to surmise its presence in the hidden recesses of the general objection.

The judgment is affirmed.