**JONES et al. v. MERCER et al.**

No. 6326.

Court of Civil Appeals of Texas. Texarkana.

Feb. 12, 1948.

Rehearing Denied March 4, 1948.

Jones, Jones & Brian, of Marshall, and D. S. Meredith, Jr., of Longview, for appellants.

Stinchcomb, Kenley & Sharp, of Longview, for appellees.

WILLIAMS, Justice.

Appellants, David Jones, a minor, by next friend, and Rachel Jones, his mother, sued appellees T. E. Mercer and another, a trucking partnership, the ·defendants below, to recover for personal injuries and loss of earnings as a result of a collision between a truck being operated by defendants and one being operated by Dixon and Horton High Line Company. Jones, an employee of Dixon-Horton, along with other members of a crew, was being transported in the latter's truck at the time of the collision. Traders and General Insurance Company, the carrier of workmen's compensation insurance on the employees of Dixon-Horton and who allegedly had paid compensation insurance and medical expenses to and in behalf of Jones, intervened and sought a recoupment of such payments in event of a recovery by plaintiffs. The jury findings exonerated the operator of defendants' truck of all alleged acts of negligence. The jury found that the truck of Dixon-Horton was operated to the left of the center of the highway, and this act of negligence was the sole proximate cause of the collision. The judgment decreed that plaintiffs and intervenor take nothing.

At the outset of the trial and out of the hearing of the jury, plaintiffs, citing Myers v. Thomas, 143 Tex. 502, 186 S.W. 2d 811, in support of their position, sought to have the court admonish defendants' counsel to refrain from injecting before the jury any matter with reference to compensation insurance. Following the colloquy between counsel, defendants' attorney replied: "I am not going to mention any name, but I will be frank with you, I am going to mention Daniel's name as often as I can. He has handled this case from the beginning and had a lot to

do with this lawsuit." R. B. Daniel, the person alluded to, was present upon the trial. It is without controversy that defendants' counsel knew that Daniel was an adjuster for this insurance company.

On cross examination of Dan White, the operator of the Dixon-Horton truck, defendants elicited from him that shortly after the accident "the man that represented your company, Dixon and Horton, came down and took a statement in writing from you"; that R. B. Daniel was his name; and this man arranged for witness to come to the trial. After Rachel Jones had testified to the medical treatment of her son by various doctors and the extent of his hospitalization, defendants on cross examination elicited the testimony from her that Daniel had arranged for such medical treatment; that she had not received a bill for any medical treatment of her son; that she didn't know if Daniel had arranged to pay the medical bills; and she didn't know if she was or was not suing for any medical bills. The witness was then asked, "After the injuries occurred, did Dixon and Horton continue to pay or make arrangments to continue to pay him a part of his salary?" The court sustained an objection then urged and the witness did not answer the last question. Defendants offered the depositions of the injured party, in which he detailed his medical treatment and in which he stated that Daniel had arranged for such treatments. Some of the testimony as to the acts of Daniel went in without objections, but later plaintiffs objected to the introduction of any testimony about the acts of Daniel and moved that all such testimony and "anything about any other parties other than plaintiff and defendant be withdrawn from the consideration of the jury," and at the close of the evidence, moved that a mistrial be declared by reason of injection of above evidence in the trial.

Under the points presented, appellants contend that above testimony so elicited by defendants' counsel of necessity suggested the existence of insurance to the jury, or "something equally as bad," namely, "payments by Jones' employer, which to the average jury would mean that his em-ployer rather than the defendant was responsible for his injuries; or that there was something or some one behind plaintiffs' case that was not being disclosed." Appellants further assert that such testimony was elicited by defendants in a deliberate and studied intent to create such an effect on the minds of the jury.

In the evidence so elicited by defendants, Daniel was held out as an agent or representative of Dixon-Horton Company. No question that was propounded and no answer that was made suggested that Daniel had acted as a claim agent or representative of any insurance company. This testimony with respect to the activities of Daniel did not imply that any insurance company had or would take care of the expense but it may have or in fact suggested to the jury that Dixon-Horton had cared for the expenses as being interested in a prospective suit against it as a result of its being an active participant in the collision. Horton v. Benson, Tex. Civ.App., 266 S.W. 213, 218; Russell v. Martin, 121 Tex. 488, 49 S.W.2d 699, 701. The claim made by appellants as to the effect the testimony had upon the jury does not find support in the testimony elicited from the jurors on the hearing on the allegations of misconduct of the jury; nor is it supported by the findings of the trial court filed at the conclusion of such hearing that "the evidence in this case was such it strongly supported the findings of the jury on the question of the responsibility for the collision."

Such testimony as was adduced by defendants with respect to who if any one had paid or assumed the payment of the medical expense was an immaterial inquiry on the issue of the amount of recovery sought by plaintiffs, the latter not having sought in their pleadings a recovery of medical or hospital expenses. In submitting the case to the jury, the court instructed the jury that they should not consider any evidence or testimony with reference to medical, hospital or doctor bills. This testimony so complained of was not of such an inflammatory nature as to prevent its withdrawal from consideration of the jury. It is thought that the asserted error by reason of the inquiry

who had or had not cared for the medical bills was rendered harmless by above instructions of the trial court. Good v. Born, Tex.Civ.App., 197 S.W.2d 589, 591; authorities collated in 4 Texas Digest, Appeal and Error, 

The observations hereinbefore discussed do not warrant the conclusion of an appellate court that same amounted to such a denial of the rights of the appellants as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure; Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822, 823; 3 Tex.Jur. p. 1260.

The judgment is affirmed.