648

**SFAIR et al. v. ADAIR et al.**

No. 11973.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 14, 1949.

Rehearing Denied Oct. 12, 1949.

Schlesinger, Goodstein & Semaan, San Antonio, Chas. J. Lieck, San Antonio, for appellants.

Eskridge & Groce, San Antonio, Warren & Groce, Corpus Christi, Reese Wade, Beeville, for appellees.

W. O. MURRAY, Justice.

This suit for damages grew out of a collision between a passenger automobile driven by Fred Sfair and a truck driven by Drex Loman and owned by Wick Adair. The collision occurred on December 12, 1947, in the town of Tuleta in Bee County, Texas. The car driven by Fred Sfair was traveling from San Antonio towards Corpus Christi and in a southerly direction, while the truck driven by Drex Loman had been traveling in a northerly direction along the highway, but had pulled into a filling station on the left-hand or east side of the highway, and at the time of the collision was traveling more or less diagonally across the highway from the west side to the east side. As a result of the collision Mrs. Julia Sfair, a passenger in the car, was badly injured and thereafter died as a result of her injuries. Jessie Tanos, another passenger in the car, was injured and the driver of the passenger car, Fred Sfair, was also injured. The plaintiffs in the case were Fred Sfair, Jessie Tanos, and the heirs of Julia Sfair. Trial was had to a jury and upon their findings judgment was rendered in favor of the defendants, Drex Loman and Wick Adair. From this judgment the plaintiffs below, who are the appellants here, have prosecuted this appeal.

Appellants' first complaint relates to the alleged improper argument of the attorney for the appellees. It appears from the record that the first witness called to the stand by appellants was Drex Loman, the driver of the truck. He was called as an adverse witness and gave evidence tending to exonerate himself from having negligently caused the collision, and also tending to convict Fred Sfair, the driver of the passenger car, of contributory negligence. When appellants called Drex Loman to the witness stand the attorney for appellees conferred with the trial judge and opposing counsel out of the hearing of the jury, and informed the court that Drex Loman had twice been convicted of felonies in the State of Oklahoma and requested the trial court to instruct the attorneys for appellants not to question Drex Loman concerning these matters in the

presence of the jury. The attorneys for appellants insisted upon their right to so question Drex Loman. The attorney for the appellees asked the trial court to withhold his ruling upon the matter so that he might look into the question further, which the court agreed to, and attorneys for appellants were instructed not to question Drex Loman concerning his convictions until the matter was fully gone into. Later attorneys for appellants again insisted upon the right to so question Drex Loman and the matter was again deferred. Ultimately, after all the testimony was in, the trial judge ruled that the attorneys for appellants might ask Drex Loman if he had been convicted of felonies in Oklahoma, but could not go into the matter any further. Attorneys for appellants insisted that they be permitted to show that Drex Loman had been convicted of hog theft in the State of Oklahoma and been given two years in the state penitentiary; that he had later been convicted of manslaughter in the same state and given twenty-five years in the penitentiary; that he was out on parole from the state penitentiary of Oklahoma at the time he was driving the truck which collided with appellants' car, and that since said time his parole had been revoked and he had been returned to the penitentiary and had been there ever since, except that he had been paroled for the purpose of permitting him to come to Beeville to appear at the trial which is involved in this appeal. However, the trial judge ruled that appellants' counsel would only be permitted to show that Drex Loman had been convicted of hog theft and the offense of manslaughter, and that no further details could be gone into. Drex Loman was then put back upon the witness stand and, in answer to questions from appellants' attorneys, admitted that he had been so convicted of these two offenses in the State of Oklahoma.

Walter Groce, Esq., attorney for appellees, while making the closing argument to the jury, made the following statement, to-wit:

"You know, I think bringing out that evidence demonstrates the weakest spot in the plaintiffs' case, because it indicates, to my mind, that they have these other witnesses here to testify in the case, but they call this poor old Indian boy from Oklahoma and put him on the stand. Now, I don't know what they put him on for in the very beginning, but it finally develops that their main purpose is that they want to create in the minds of this jury a prejudice against Drex Loman because he got into this trouble some 10 or 11 years ago, and * * *."

Appellants' attorneys objected to the argument as being improper and prejudicial, and that it was improper for appellees' counsel to belittle and criticize plaintiffs for introducing material and competent testimony, which objection was overruled by the court. Then, continuing, the attorney for appellees presented the following argument:

"All right, gentlemen, now, then, if I am wrong in it, what other purpose could they have in putting Drex Loman on the stand if they did not expect to get anything out of him except his back record, or at least testimony that they were going to tell you that they were bringing him in as a witness and putting him on the stand, and then they did not want you to believe a word he said—just wanted to create, at least, it was an effort to create, a prejudice in the minds of the jury against him as one of the defendants in the case—now * * *."

Attorneys for appellants again objected to this argument and were again overruled by the court.

It is appellants' contention that they had a legal right to call Drex Loman as an adverse witness and then to impeach his credibility as a witness by showing that he had been convicted of felonies in the State of Oklahoma, and that it was improper for opposing counsel to criticize them for doing that which they had a perfect legal right to do, and especially was it improper in view of the fact that the trial court had instructed the jury that the evidence relating to the convictions of Drex Loman was admitted solely for the purpose of affecting his credibility, if it did in fact so affect the same.

We are of the opinion that the argument made by appellees' counsel in his closing argument was not such improper argument as will require a reversal of this case. As we view this argument it was not a criticism of appellants for calling Drex Loman as an adverse witness, nor was it a criticism of appellants for offering evidence showing that he had been convicted of felonies, but it was rather a criticism of the tactics appellants were using and the manner in which they were prosecuting the case. In other words, it was charging the appellants with setting up a straw man in order that they might knock him over. Appellees' counsel was contending that the whole manner of conducting appellants' case showed that they were attempting to prejudice the jury against Drex Loman, one of the defendants in the case. Appellees' counsel had a right to draw his own inference as to why appellants were using the tactics which they were using in the trial of the case. 41 Tex.Jur. 791, paragraph 70; Russell v. Martin, 121 Tex. 488, 49 S.W.2d 699; F. H. Vahlsing v. Hartford Fire Ins. Co., Tex.Civ.App., 108 S.W.2d 947; Commercial Standard Ins. Co. v. Shudde, Tex.Civ.App., 76 S.W.2d 561; Smerke v. Office Equipment Co., 138 Tex. 236, 158 S.W.2d 302; Adamson v. Burgle, Tex.Civ.App., 186 S.W.2d 388; Marvin Drug Co. v. Couch, Tex.Civ.App., 134 S.W.2d 356; Burton v. Kirbyville State Bank, Tex.Civ.App., 149 S.W.2d 1095; City of Waco v. Killen, Tex.Civ. App., 59 S.W.2d 940; Evans v. Renfroe, Tex.Civ.App., 170 S.W.2d 636; Myers v. Thomas, Tex.Civ.App., 182 S.W.2d 266; Robertson v. Coates, 1 Tex.Civ.App., 20 S.W. 875.

We cannot agree that the argument made by appellees' counsel was in any way a criticism of the rulings and orders of the trial court, nor was it a violation of the instructions given to the effect that the evidence relating to the felony convictions of Drex Loman was limited to the purpose of affecting his credibility as a witness, if it did do so. It was nothing more than a criticism of the tactics and manner in which attorneys for appellants were conducting the case. In the City of Waco v. Killen, Tex.Civ.App., 59 S.W.2d 940, 942, the court said:

"We are of the opinion that the argument complained of was justified by the record. Counsel in his argument has a right to discuss all of the facts in evidence. This includes the right to discuss not only the conduct and character of the witnesses, as revealed by the evidence, but the manner in which his adversary has conducted his case. Where one party, in order to defeat liability, undertakes an assault upon the character of the other party to the suit, the latter counsel has a right to discuss the tactics resorted to, and to demonstrate, if he can, from the evidence, that such assault was unwarranted. Jackson v. Jackson, Tex.Civ.App., 35 S.W.2d 830; Russell v. Martin, 121 Tex. 488, 49 S.W.2d 699; Corn v. Crosby County Cattle Co., Tex.Com.App., 25 S.W.2d 290, par. 3; 38 Cyc. 1498."

Appellants' remaining points present the contention that the findings of the jury, in answer to certain questions submitted, were so against the great and overwhelming preponderance of the evidence as to be manifestly unjust and to show that the jury did not render its verdict on the evidence admitted under the ruling of the court. These issues relate to the amount of damages sustained by the appellants. In view of the fact that the jury exonerated Drex Loman of all acts of negligence proximately causing the collision, and convicted Fred Sfair, driver of the passenger car, of negligence found to be the sole proximate cause of the collision, the jury's answers to the issues complained of became immaterial and of no consequence. Under the findings of the jury there was no liability on the part of appellees, and whether or not damages were sustained by the appellants and the amount thereof became unimportant. Garza v. San Antonio Transit Company, Tex.Civ.App., 180 S.W.2d 1006.

The judgment of the trial court is affirmed.

SMITH, C. J., absent.